## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SIMPLY AMAZING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cv-10166 |
| | ) | |
| AMAZING SAVINGS CORPORATION; | ) | |
| EMAD HAMWI; and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, SIMPLY AMAZING LLC ("Plaintiff"), by its undersigned attorneys, for its complaint herein, alleges:

### Nature of the Action

1.     These claims arise out of the defendants' willful infringement of Plaintiff's federally-registered, incontestable trademark "AMAZING SAVINGS."

2.     Despite Plaintiff's long priority of federal trademark registration and use of the trademark AMAZING SAVINGS® (hereinafter "Plaintiff's Mark") in connection with retail variety stores and related services, defendants have recently adopted the identical name "AMAZING SAVINGS" for a retail variety store defendants have opened in Niles, Illinois in this District and have been selling merchandise by confusing consumers that defendants are affiliated with or sponsored by Plaintiff.   This ongoing infringement is causing irreparable harm to Plaintiff and its reputation.

3.     Defendants' actions constitute trademark infringement, in violation of Section 33 of the Lanham Act, 15 U.S.C. § 1114(a), false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and deceptive trade practices in violation of the laws of the State of Illinois as more fully described herein.   Plaintiff seeks to permanently restrain and enjoin defendants from infringing its valuable AMAZING SAVINGS trademark.   Plaintiff also seeks monetary damages

resulting from defendants' infringement, false designation of origin, unfair competition, and deceptive trade practices. Because the defendants' misconduct is knowing and intentional, Plaintiff is also entitled to treble damages, a disgorgement of profits, punitive damages, costs, and attorneys' fees.

**Jurisdiction and Venue**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 with respect to the claims arising out of federal law. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1338(a) with respect to Plaintiff's claim under 15 U.S.C. §1125(a), which arises under the federal trademark laws. In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the claims arising under state law, which are so related to the federal claims brought herein as to form part of the same case or controversy.

5.      Venue is proper in this district under 28 U.S.C. § 1391, as amended, because defendants reside in this District and a substantial part of the acts complained of giving rise to the claims occurred in this District and are causing confusion of the public and injury to Plaintiff within this district.

**Parties**

6.      Plaintiff, SIMPLY AMAZING LLC, is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 17 Dikeman Drive, Goshen, NY 10952.

7.      Upon information and belief, defendant AMAZING SAVINGS CORPORATION ("ASC"), is an Illinois corporation with principal offices listed with the Illinois Secretary of State at 1870 Burton Lane, Park Ridge, Illinois 60068, the residence of co-defendant EMAD HAMWI ("Hamwi"). ASC and Hamwi operate and control the store with the name "Amazing Savings," which recently opened at 8004 North Milwaukee Avenue, Niles, Illinois 60714, in this District ("Defendants' Store").

8.      Upon information and belief, defendant EMAD HAMWI is an individual residing at 1870 Burton Lane, Park Ridge, Illinois 60068 in this District and is the owner and President of defendant ASC. Upon information and belief, Hamwi is a knowing, moving, conscious and active force in adopting the infringing name at the Defendants' Store in Niles, Illinois and in the infringement and unlawful conduct of defendants hereafter alleged.

9.      The John Doe defendants, whose identities are currently unknown to Plaintiff, are entities and individuals who, upon information and belief, have knowingly aided and abetted the infringement and wrongful acts alleged herein.   After Plaintiff learns the true identities and names of the John Doe defendants, it will amend the complaint and serve a summons on each such defendant.

## FACTS COMMON TO ALL CLAIMS

### Plaintiff's Trademark.

10.      Since as early as 1987, long prior to the acts complained of herein, Plaintiff directly or through its predecessors (hereinafter "Plaintiff") adopted and used in interstate commerce the trademark, "AMAZING SAVINGS" in connection with retail variety stores and related services. Plaintiff has been successful in marketing its retail store services to a wide range of consumers throughout various parts of the United States and enjoys an excellent reputation as a successful chain of retail variety stores selling a variety of merchandise at discount prices.

11.      On June 6, 2000, Plaintiff's Mark AMAZING SAVINGS® was registered on the Principal Register of the U.S. Patent and Trademark Office ("USPTO") as U.S. Registration No. 2,354,959, for retail variety outlet services, with a first use in commerce of August 26, 1987.   Plaintiff, through its predecessor in interest, J.B.S. Liquidators, Inc. ("JBS"), first used the mark AMAZING SAVINGS at least as early as July 9, 1987. The registration and all rights to the AMAZING SAVINGS mark were duly assigned by JBS through successive assignments to Plaintiff and duly recorded as such in the name of Plaintiff SIMPLY AMAZING LLC on the records of the USPTO.    A true copy of the

- 3 -

aforesaid Registration as issued and USPTO record of assignment to Plaintiff is annexed hereto as Group Exhibit A.

12.     Said registration is valid and subsisting and the exclusive right of Plaintiff to use said registered mark in commerce for the above mentioned services is now incontestable, pursuant to the provisions of 15 U.S.C. §1065 and §1115(b), in that Plaintiff filed the required declarations with the USPTO.   Accordingly, said registration constitutes conclusive evidence of Plaintiff's exclusive right to use the registered mark AMAZING SAVINGS® in commerce in connection with the services specified therein.

13.     Plaintiff's Mark AMAZING SAVINGS® has been in continuous use in connection with retail variety store services since 1987.   In the past 25 years, at various times Plaintiff or its predecessors have owned, operated or licensed stores using Plaintiff's Mark in New York, New Jersey, Michigan, Florida, Maryland and Illinois, including in the Chicago area.   Plaintiff currently has 14 stores operating under Plaintiff's Mark in various states.   Plaintiff's business in connection with Plaintiff's Mark has been successful and is expanding and has been, and continues to be, extensively used in interstate commerce.

14.     Plaintiff has spent millions of dollars advertising the AMAZING SAVINGS® mark over the last 25 years.   Plaintiff's Mark has long been, and continues to be, extensively advertised in a wide range of print and electronic media and on the Internet at the AMAZINGSAVINGS.COM web site.   As a result, Plaintiff's Mark is now widely known and respected by the trade, customers, consumers, suppliers and others in the business and retail community, who have come to identify Plaintiff's Mark as indicating a single source of quality products and services for consumers, associated with this trademark.

15.     By reason of the foregoing, Plaintiff's Mark used by Plaintiff in interstate commerce has come to enjoy a favored reputation and to create recognition of Plaintiff's retail store services and has

obtained a secondary and distinctive meaning to identify Plaintiff as the sole source of its retail store services and to distinguish it from others.

**Defendants' Infringement.**

16.     Plaintiff's mark has been used continuously since 1987 and long predates defendants' recent adoption and use of the infringing name AMAZING SAVINGS for Defendants' Store selling at retail in Niles, Illinois.

17.     Upon information and belief, defendants HAMWI and ASC recently adopted the name "Amazing Savings" for its newly opened store at 8004 North Milwaukee Avenue, Niles, Illinois 60714. Upon information and belief, Hamwi and ASC had actual knowledge of Plaintiff's Mark and rights in the AMAZING SAVINGS® name when they intentionally adopted the AMAZING SAVINGS mark for their store.   Upon information and belief, Hamwi was previously affiliated with a store called "Always Amazing" located in the Chicago area, which had adopted the Always Amazing name with knowledge of Plaintiff's rights and its registered trademark in order to avoid infringement of Plaintiff's Mark.

18.     In or about October 2012, the exact date being unknown to Plaintiff, defendants opened the Defendants' Store using the infringing name "Amazing Savings."   Upon information and belief, by reason of the foregoing, this was done by defendants with full knowledge of Plaintiff's long prior rights and federal trademark registration. A photocopy of recent photographs of Defendants' Store showing the infringing name on signs at the store and a photograph of a sign posted in the area to advertise Defendants' Store are annexed hereto as Group Exhibit B.

19.     Defendants are deliberately using a name identical to Plaintiff's Mark for the same or similar retail outlet services in order to create confusion and to trade on the good name and reputation of Plaintiff and Plaintiff's Mark previously developed nationally and in the Chicago area.   Defendants' pricing and assortment of merchandise do not represent Plaintiff's pricing and assortment of merchandise, so that the confusion tarnishes Plaintiff's business and harms its reputation.   In addition,

defendants' acts interfere with Plaintiff's exclusive right to open additional stores under Plaintiff's Mark in Illinois.

20.     Defendants' use of the infringing mark "Amazing Savings" has already caused actual confusion.  Customers of Plaintiff who live in the Chicago area have shopped at Plaintiff's stores in New York or New Jersey, or previously in Illinois, and have become familiar with Plaintiff's Mark and reputation.  These and other customers of Plaintiff have contacted Plaintiff asking about Plaintiff's "new store" in Niles, Illinois in the belief that it is authorized by and affiliated with Plaintiff.   Upon information and belief, consumers have gone into Defendants' Store believing it was one of Plaintiff's stores.

21.     Upon learning of the existence of defendants' wrongful adoption of the name "Amazing Savings" and the actual confusion and likelihood of confusion being engendered by such use, Plaintiff, through its counsel, gave defendants written notice by letter dated October 24, 2012 (true copy annexed hereto as Exhibit C) to cease and desist from such infringing use of Plaintiff's name and trademarks, which use falsely implied a relationship with, and was likely to cause confusion with, Plaintiff. Defendants delayed responding to the letter, then represented through counsel that they had terminated the infringement.   Plaintiff has recently discovered that defendants have not terminated the infringement, but instead are continuing to use the infringing name "Amazing Savings."

22.     Defendants have willfully disregarded Plaintiff's efforts to stop their infringement in order to continue their infringement of Plaintiff's Mark and create confusion as to source and trade off Plaintiff's Mark and reputation including during the holiday selling season.   By reason of the foregoing, at all times relevant, defendants have had actual and constructive notice of Plaintiff's Mark. Accordingly, the infringing and tortious acts of defendants are intentional, willful and deliberate. Defendants have failed and refused to cease their use and infringement despite repeated demands.

23.     Defendants have willfully infringed for profit Plaintiff's Mark including, upon information and belief, solicitation, advertising, publicity and sales in this District.   Among other things, there has been actual confusion causing damage to Plaintiff and its reputation.   In addition, there is a likelihood of confusion because defendants' use of the infringing mark is likely to lead others to the mistaken belief that Defendants' Store and merchandise originate from or are in some way associated with or approved by Plaintiff and its business.

24.     The aforesaid and continuing acts of defendants infringe Plaintiff's Mark and constitute trademark infringement, false designation of origin, and deceptive trade practices.   Plaintiff has been damaged by said infringement and unfair competition and has no adequate remedy at law for defendants' continuing infringement.

## FIRST CAUSE OF ACTION
## <u>FOR TRADEMARK INFRINGEMENT</u>

25.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 of this Complaint as if set forth in full herein.

26.     Plaintiff's Mark is valid, subsisting and in full force and effect.

27.     Pursuant to 15 U.S.C. §1057(b) and 15 U.S.C. §1065, the registration of the Plaintiff's Mark is conclusive evidence of the validity of such registrations, and of Plaintiff's ownership of the Mark.   The registration also provides the exclusive right to Plaintiff to use said marks in commerce in connection with the services identified on the Principal Register.

28.     Without the authorization of Plaintiff, Defendants have used and continue to use or cause to be used a mark confusingly similar, and in fact identical, to the Plaintiff's Mark to sell, advertise, and promote their services in commerce.

29.     Defendants' conduct has caused and will likely continue to cause confusion, mistake, and deception among the general consuming public as to the origin and quality of their services.

30.     Defendants' conduct constitutes infringement of Plaintiff's Mark in violation of Plaintiff's rights under Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

31.     Plaintiff has no adequate remedy at law.  Unless Defendant is preliminarily and permanently enjoined from offering services under a mark confusingly similar to Plaintiff's Mark, Plaintiff's brand will be irreparably injured because of the loss of goodwill and reputation associated with its services.

32.     Defendants' offering services under a mark confusingly similar, and in fact identical, to Plaintiff's Mark is knowing and intentional.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN
## UNDER SECTION 43(a) OF THE LANHAM ACT

33.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 32 of this Complaint as if set forth in full herein.

34.     Defendants' knowing and willful adoption and use of a name confusingly similar, and in fact identical, to Plaintiff's Mark for identical services as hereinabove alleged constitutes a use in interstate commerce and a false designation of origin and a false and misleading description or representation of goods and services in commerce, with knowledge of the falsity, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities and origin of defendants' commercial activities, within the meaning and in violation of 15 U.S.C. § 1125(a).

35.     Among other things, defendants' use of the infringing mark has caused confusion and unless enjoined, is likely to lead others to the mistaken belief that the business of defendants originates from or is in some way associated with, related to, sponsored by or approved by Plaintiff.

36.     Plaintiff has no adequate remedy at law.  Unless Defendant is preliminarily and permanently enjoined from using a mark confusingly similar to Plaintiff's Mark for their retail store services, Plaintiff's brand will be irreparably injured because of the loss of goodwill and reputation associated with its products.

37.     Defendants' use of a mark confusingly similar to Plaintiff's Mark for their retail store services is knowing and intentional.

**THIRD CAUSE OF ACTION
FOR VIOLATION OF ILLINOIS CONSUMER FRAUD AND
DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS 505/2)**

38.     Plaintiff hereby repeats and realleges the allegations of paragraphs 1 through 37 of this Complaint as if set forth in full herein.

39.     By conducting retail sales at a store bearing a mark confusingly similar, and in fact identical, to the Plaintiff's Mark and passing off defendants' sales as sales by or authorized by Plaintiff, defendants are engaged in unfair competition by misrepresenting that their store, their retail services and the products they sell originate from, or are affiliated, connected or associated with Plaintiff.

40.     Defendants intended that consumers, in the course of commerce, rely on this material misrepresentation.

41.     As the sole seller, advertiser, and promoter of goods and services at retail stores bearing Plaintiff's Mark, Plaintiff is being damaged by defendants' unfair competition, and such damages are proximately caused by defendants' actions.

42.     Plaintiff has no adequate remedy at law against the defendants' continuing unfair competition.  Unless defendants are preliminarily and permanently enjoined from using, advertising, and promoting their store and retail sales under the infringing name, Plaintiff and Plaintiff's Mark will be irreparably injured because of the loss of goodwill and reputation associated with its services.

- 9 -

## FOURTH CAUSE OF ACTION
## FOR VIOLATION OF ILLINOIS DECEPTIVE
## TRADE PRACTICES ACT (815 ILCS 510/2)

43.     Plaintiff hereby repeats and realleges the allegations of paragraphs 1 through 42 of this Complaint as if set forth in full herein.

44.     By conducting retail sales at a store bearing a mark confusingly similar, and in fact identical, to the Plaintiff's Mark and passing off defendants' sales as sales by or authorized by Plaintiff, defendants are engaged in a deceptive trade practice by misrepresenting that that their store, their retail services and the products they sell originate from, or are affiliated, connected or associated with Plaintiff.

45.     Defendants intended that consumers, in the course of commerce, rely on this material misrepresentation.

46.     As the sole seller, advertiser, and promoter of goods and services at retail stores bearing Plaintiff's Mark, Plaintiff is being damaged by defendants' unfair competition, and such damages were proximately caused by defendants' actions.

47.     Plaintiff has no adequate remedy at law against the defendants' continuing deceptive trade practices.   Unless defendants are preliminarily and permanently enjoined from using, advertising, and promoting their store and retail sales under the infringing name, Plaintiff and Plaintiff's Mark will be irreparably injured because of the loss of goodwill and reputation associated with its services.

## DAMAGES AND RELIEF

48.     The aforesaid acts of defendants have caused, as their proximate, necessary and direct result, substantial injury to the property and reputation of Plaintiff in an amount to be determined at trial.

49.     The aforesaid uses by defendants of a store name and mark which is confusingly similar, and in fact identical, to the Plaintiff's Mark, do now and unless preliminarily and permanently enjoined will continue to (a) confuse and deceive the public into believing that defendants' "Amazing Savings"

store and services are related to or connected with Plaintiff and its stores; (b) injure Plaintiff's business reputation and endanger Plaintiff's good will; and (c) unjustly enrich defendants; and thereby defendants will cause Plaintiff irreparable damage unless restrained and enjoined.

### RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment for Plaintiff and against defendants as follows:

A. Finding that defendants' aforesaid acts in using Plaintiff's Mark without permission or authority:

(i) constitute trademark infringement in violation of 15 U.S.C. §1114(1);

(ii) constitute false designation of origin in violation of 15 U.S.C. §1125(a);

(iii) constitute unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2); and

(iv) constitute deceptive trade practices under the Illinois Deceptive Trade Practices Act (815 ILCS 510/2).

B. Preliminarily and permanently enjoining defendants, and their affiliates and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them or any of them who receive actual notice of the order and judgment:

(i) from any further use of any name, or trademark which includes the words "Amazing Savings";

(ii) from using any other mark, word, name or symbol similar to Plaintiff's Mark which is likely to cause confusion, mistake or to deceive;

(iii) from infringing Plaintiff's rights in Plaintiff's Mark, or using any colorable imitation thereof; and

(iv) from continuing the acts of unfair competition and deceptive trade practices herein complained of;

- 11 -

C.     Awarding Plaintiff all of defendants' profits arising out of their acts of trademark infringement, false designation of origin and unfair competition complained of, said damages to be trebled pursuant to 15 U.S.C. § 1117; and

D.     Awarding Plaintiff its damages arising out of defendants' unfair competition and deceptive trade practice under the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Deceptive Trade Practices Act, including, without limitation, punitive damages arising out of Defendant's intentional and bad faith acts; and

E.     Awarding Plaintiff punitive damages for defendants' willful, deliberate and continuing infringement of Plaintiff's rights continuing after actual and constructive notice of same; and

F.     Awarding Plaintiff its costs, reasonable attorneys' fees and such other or further relief as the Court may deem just and proper.


Dated: December 19, 2012            Respectfully submitted,


                                    By:    /s/ Wendi E. Sloane

                                    Wendi E. Sloane
                                    Brandon C. Prosansky
                                    BARACK FERRAZZANO
                                       KIRSCHBAUM & NAGELBERG LLP
                                    200 W. Madison Street, Suite 3900
                                    Chicago, Illinois 60606
                                    (312) 984-3100
                                    (312) 984-3150 (facsimile)
                                    wendi.sloane@bfkn.com
                                    brandon.prosansky@bfkn.com
                                    Attorneys for Plaintiff

OF COUNSEL:

SCHWARTZ & THOMASHOWER LLP
William Thomashower
Rachel Schwartz
15 Maiden Lane, Suite 705
New York, New York 10038
(212) 227-4300
(212) 227-4311 (facsimile)
Attorneys for Plaintiff